The Honorable Jan A. Judy State Representative 202 West Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
I am writing in response to your request for an opinion concerningAct 1568 of 1999, which amended A.C.A. § 26-59-122 regarding the disposition and allocation of special estate tax revenues.[1] Your question involves two grants totaling $700,000 that were received by the City of Fayetteville from the Economic Development of Arkansas Fund Commission ("Commission") under the 1999 legislation (see n. 1, supra), a subsequent Fayetteville City Council resolution authorizing the Mayor to negotiate the sale of certain property to a particular private development entity, and a contract under which the City agrees to make $700,000 available to the development entity for reimbursement of expenses on the property. Your question is:
 Whether the grant monies received by the City of Fayetteville from the Economic Development of Arkansas Fund Commission may be transferred to the private development entity under the circumstances noted above?
RESPONSE
Resolution of this question falls outside the scope of an opinion from this office. I am neither equipped nor authorized to undertake the necessary factual analysis to determine whether the City's use of the grant monies is proper under the circumstances you describe. This would require a detailed review of the grant documents, which I have not seen, and all of the pertinent facts surrounding the City's subsequent actions, including the City resolution and the transaction with the private entity. I am simply not in a position to evaluate and judge the City's actions under the bare facts provided.
While I am therefore unable to opine on this particular matter, please note that I have enclosed an opinion issued by my predecessor involving a grant that was made by the Commission to the City of Huntsville in connection with an industrial development park. Op. Att'y Gen. 2001-392. The question in that instance was whether previously approved grant funds could be used to reimburse a local private industry for certain expansion costs at an existing facility. I lack sufficient facts to determine whether the factual scenario in this opinion is sufficiently similar to offer any guidance in addressing your particular question. The opinion may be helpful, however, in its review of the Commission regulations and requisite procedures governing the use of funds granted underAct 1568 of 1999. Clearly, as reflected in this opinion, funds granted by the Commission must be used solely and exclusively for the project for which assistance was approved. Op. 2001-392 at 2 (quoting a portion of the regulations regarding the return of funds).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure
[1] When Act 1568 was enacted, the special estate tax revenues provided for by A.C.A. § 26-59-122 (a) were credited to the "Economic Development of Arkansas Fund" and managed and distributed by the "Economic Development of Arkansas Fund Commission." See Acts 1995, No. 270 and Acts 1993, No. 590. Pursuant to Act 1681 of 2001, balances in the Economic Development of Arkansas Fund were transferred to the General Improvement Fund, and the Economic Development of Arkansas Fund Commission was abolished. For the current law, see A.C.A. § 26-59-122 (Supp. 2001). I assume from your correspondence that the grant monies in question were distributed under § 26-59-122, as amended by Act 1568 of 1999.